UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IZAIC HERNANDEZ, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-23-CA-00312-XR |
| | § | |
| PENNYMAC LOAN SERVICES, LLC, | § | |
| *Defendant.* | § | |

## ORDER GRANTING MOTION TO DISMISS

On this date, the Court considered Defendant's motion to dismiss (ECF No. 4). No response

has been filed, and the time in which to do so has expired. After careful consideration, Defendant's

motion is **GRANTED**.

## BACKGROUND

Plaintiff Izaic Hernandez seeks to prevent Defendant Pennymac Loan Services, LLC

("Pennymac") from foreclosing on the real property located at 16543 Crested Butte Street, San

Antonio, Texas 78247 (the "Property"). Plaintiff and his wife purchased the Property on September

6, 2005, with funds obtained through a purchase-money loan in the original principal amount of

$77,289, secured by a deed of trust ("Deed of Trust") in favor of the lender, Countrywide Home

Loans, Inc ("Countrywide"). *See* ECF No. 4-1.[1] Thereafter, Plaintiff defaulted on the Loan, and a

foreclosure sale was scheduled for March 7, 2023. *See* ECF No. 1-1 at 3, 8.

On February 1, 2023, Plaintiff executed an Affidavit and Memorandum of Agreement for

Purchase and Sale (the "Affidavit"). The next day, the Affidavit was recorded in the Official Public

Records for Bexar County, Texas. ECF No. 4-2. Plaintiff then executed a Special Warranty Deed

---

[1] The Court presumes that the Deed of Trust was subsequently transferred to Pennymac, though neither party offers information about how or when the transfer occurred.

dated February 9, 2023, conveying the Property to Mentor Capital, LLC, which was recorded on February 21, 2023. ECF No. 4-3.[2]

On March 1, 2023, less than a week before the scheduled foreclosure sale, Plaintiff filed his Original Petition in state court, asserting a claim for common law fraud and seeking to enjoin Defendant from selling the Property and alleging that Defendant. *See* ECF No. 1-1 at 5. Plaintiff alleged that he has requested documentation reflecting the reinstatement and payoff amounts but that Defendant had failed to provide either figure. *Id.* at 4. Plaintiff further asserted that "Defendant, through its employee(s), indicated that Defendant would work with Plaintiff in preventing foreclosure" but "did not in fact come forth with any options or answers to Plaintiff's request for relief options." *Id.* The state court issued an *ex parte* temporary restraining order ("TRO") on March 3, 2023, preventing the foreclosure sale. *See id.* at 7–9. On March 14, 2023, Defendant removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1.

Defendant now moves to dismiss Plaintiff's claim for common law fraud for failure to state a claim for relief that satisfies the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and as independently barred by the statute of frauds and the economic loss doctrine. ECF No. 4. Defendant further contends that Plaintiff's claim for injunctive relief must be dismissed as moot in light of the state court's TRO and because it is premised on his improperly pled fraud claim. *See id.* No response has been filed, and the time in which to do so has expired.

---

[2]      Defendant has attached as exhibits to its motion copies of the Deed of Trust, the Affidavit, and the Special Warranty Deed. *See* ECF Nos. 4-1, 4-2, 4-3. The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Because the Deed of Trust is central to the claims set forth in the Petition and referenced therein, the Court may consider it in evaluating Defendant's motion to dismiss.

## DISCUSSION

### I.      Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17–CV–512–DAE, 2018 WL 8584292, at *3 (W.D. Tex., May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to

specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. Mar. 31, 1998).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

II.    **Analysis**

A.    **Common Law Fraud**

Plaintiff alleges that Defendant is liable for common law fraud for misrepresenting that it would "work with Plaintiff to prevent foreclosure on the property the subject of this suit." ECF No. 1-1 at 4–5. The elements of a fraud claim in Texas are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the trust and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009).

Although the Petition generally asserts the substance of the alleged fraudulent misrepresentations, Plaintiff's claim for common law fraud fails to meet to specificity required by Rule 9(b). Plaintiff alleges that misrepresentations were made by "[e]mployee(s) of Defendant," but fails to identify the employee or employees in question. *See* ECF No. 1-1 at 4. Further, the Petition fails to allege when or where the alleged misrepresentations occurred. *See id*. In short, Plaintiff fails to allege with sufficient specificity the "who, what, when, and where" of the alleged representations. *Williams*, 112 F.3d at 177. Thus, Plaintiff has not put Pennymac on fair notice of the allegations made against it. *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. 4:09-CV-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) ("Plaintiffs must put defendants on fair notice of the allegations against them; not require defendants to 'glean' the factual basis of such allegations from a list of ambiguous legal conclusions"). Accordingly, Plaintiff's claim for common law fraud must be dismissed for failing to satisfy the heightened pleading requirements

of Rule 9(b). The Court does not reach Defendant's arguments that Plaintiff's fraud claim is barred by the economic loss doctrine and the statute of frauds.

### B.    Injunctive Relief

Because Plaintiff's substantive claim for common law fraud fails as a matter of law, it cannot support his claim for injunctive relief. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). Accordingly, injunctive relief is not appropriate here.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the Petition (ECF No. 4) is **GRANTED**. Because neither the Petition nor the motion to dismiss offer sufficient information to conclude that the Deed of Trust was assigned to Defendant or that Plaintiff had any ownership interest in the Property when he filed this action in state court, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

It is so **ORDERED**.

**SIGNED** this 10th day of April, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE